**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEO SIMMONS,

      Plaintiff - Appellant,

vs.

DAVID D. PARRISH, GORDON
DENISON, LARI J. TROGANI, JOHN
ANDERSON, JUDITH H. HORSE,
PAT VANCE, EDDIE BRATFISCH,
TRENT NOVACK,

      Defendants - Appellees.

No. 98-1471
(D.C. No. 98-D-2336)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

    Plaintiff-Appellant Leo Simmons, a prisoner appearing pro se, seeks to appeal from the district court's dismissal of his civil rights claims without prejudice for failure to cure deficiencies. The court ordered Mr. Simmons to pay

---

   [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

   [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

a filing fee or submit a properly-documented motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2). He failed to comply when he submitted an uncertified copy of his trust fund account for only a three-month period, rather than a certified copy for a six-month period. The district court then denied Mr. Simmons' motion to proceed in forma pauperis on appeal on the grounds that, because the dismissal arose from his failure to cure specified deficiencies, he had not presented a reasoned, nonfrivolous argument on appeal.

Before this court, Mr. Simmons renews his application to proceed in forma pauperis on appeal and asks us to appoint counsel on his behalf. He also seeks a restraining order or injunction, claiming that he is in imminent danger because staff members at Four Mile Correctional Center in Canon City, Colorado, have placed him in segregated confinement and denied him medical care in retaliation for filing this case. We only address his contention that he was deserving of in forma pauperis status.

Although the record indicates that Mr. Simmons (1) has complied with § 1915(a)(2) in seeking to appeal and (2) submitted a document to prison authorities that arguably contained a request for the proper documentation in an effort to cure, see R. doc. 10, the district court did not abuse its discretion in dismissing without prejudice because it gave proper notice to cure. Because Mr. Simmons does not address this point on appeal, we DENY his motion to proceed

in forma pauperis on appeal and DISMISS the appeal. We DENY his request for appointed counsel and his motion for a restraining order. Mr. Simmons must address his claims for relief to the district court in the first instance.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge